FILED
United States Court of Appeals
Tenth Circuit

November 22, 2016

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

ALBERTO GRANADOS,

    Petitioner - Appellant,

v.

CROWLEY COUNTY
CORRECTIONAL FACILITY;
MICHAEL MILLER, Warden,

    Respondents - Appellees.

No. 16-1336

(D.C. No. 1:16-CV-01710-LTB)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE, GORSUCH** and **McHUGH**, Circuit Judges.

Petitioner Alberto Granados, a Colorado state prisoner appearing *pro se*, requests a certificate of appealability (COA) in order to appeal the district court's dismissal without prejudice of his 28 U.S.C. § 2254 habeas proceedings. Because we conclude that Granados has failed to demonstrate entitlement to a COA, we deny his request for a COA and dismiss this matter.

I

On July 1, 2016, Granados, while confined at the Crowley County (Colorado)

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

Correctional Facility, initiated these proceedings by filing with the district court a *pro se* pleading entitled "MOTION TO STAY HABEAS CORPUS REVIEW, UNDER A.E.D.P.A. FOR STATE EXHAUSTMENT [sic]." Dist. Ct. Docket No. 1 at 1. The pleading alleged that Granados "ha[d] discovered newly undisclosed evidence applicable to [his] State criminal action" that was concealed by the prosecution "and possible [sic] the [State] District Court." Id. The pleading further alleged that this amounted to a "federal rights violation" and that, "absent post conviction remedies" from the Colorado state courts, "federal habeas corpus review w[ould] be required." Id. The pleading did not, however, provide any information about the sentence that Granados was serving, his underlying conviction(s), or any attempts he had made to seek relief from the Colorado state courts. At bottom, the pleading simply asked the district court "to stay the one year time limitation" imposed by Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d)(1), so that Granados could "seek [state] post conviction remedies, and exhaust his appellate process." Dist. Ct. Docket No. 1 at 2.

On July 6, 2016, the magistrate judge assigned to the case issued an order concluding that the pleading filed by Granados was deficient and directing Granados to cure the deficiencies within thirty days. In particular, the order noted that Granados had failed to submit an application for a writ of habeas corpus. The order also noted that Granados had not paid the required filing fee of five dollars or, alternatively, filed a motion for leave to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915. Lastly, the order advised Granados that if he failed to cure the designated deficiencies, the

action would be dismissed without prejudice.

On July 18, 2016, Granados filed a pleading entitled "NOTICE OF COMPLIANCE." Dist. Ct. Docket No. 4 at 1. The pleading stated that Granados was "complying with the [magistrate judge's] Order by satisfying the filing fee WITHOUT submitting a petition or §1915 [sic] form." Id. On July 26, 2016, Granados paid the filing fee of five dollars. But he did not, as directed by the magistrate judge, file an application for writ of habeas corpus.

Consequently, on August 10, 2016, the district court issued an order dismissing the action without prejudice due to Granados's failure to file an application for writ of habeas corpus. The district court also concluded that Granados was not entitled to a COA because he "ha[d] not made a substantial showing of the denial of a constitutional right." Dist. Ct. Docket No. 6 at 2.

Granados filed a timely notice of appeal and now requests a COA from this court so that he can appeal the district court's order dismissal.

## II

To receive a COA from this court, Granados must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court dismissed his action on a procedural ground, i.e., his failure to file an application for writ of habeas corpus, Granados must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

3

After examining Granados's application for COA and the record on appeal, we conclude that it is not reasonably debatable whether the district court erred in dismissing the action without prejudice. Without benefit of an application for writ of habeas corpus, the district court had no information about Granados's state conviction(s) and sentence, or any efforts that Granados may have made to challenge his conviction(s) and sentence in the Colorado state courts, and, in turn, no reasonable basis for granting the stay requested by Granados.

Granados is advised that, because the action was dismissed without prejudice, the order of dismissal will not operate as a bar to prevent him from seeking federal habeas relief in the future. But, in order to preserve his right "to federal review of [any] constitutional claim[s]" he may have, Granados must first "raise[] [those] claim[s] in a timely fashion, in accordance with [Colorado] state procedure, and . . . pursue[] [those] claim[s] through all available levels of state appellate review." Lefkowitz v. Newsome, 420 U.S. 283, 291 (1975).

### III

We DENY Granados's request for a COA and DISMISS this matter.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

4